JAMES V. BLACKWELL and ALICE S. BLACKWELL, Appellants, v. RALPH T. SIDWELL, Administrator of the Estate of Raymond Joseph Sidwell, deceased, Appellee, THOMAS EDWARD LOGULLO, Appellee.

*(October* 29, 1956.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Joseph H. Flanzer* for appellants and Keystone Automobile Club Casualty Company.

*Henry A. Wise, Jr.,* for James V. Blackwell and Alice S. Blackwell, appellants as individuals.

*John S. Walker* for Ralph T. Sidwell, Administrator, appellee.

*David Snellenburg, 2nd,* for Thomas Edward Logullo.

Supreme Court of the State of Delaware, No. 34, 1956.

WOLCOTT, J.:

Argument on the application was held before the full court on October 22, 1956 and after consideration an order was entered refusing to stay the proceedings below. This opinion is filed to set forth the reasons for the denial of the stay.

The action below was by an administrator for the death of his decedent as a result of a collision with the automobile of one of the defendants. After trial a judgment in favor of the administrator was entered in the amount of $19,205, whereupon a writ of error was sued out.

One of the defendants, the owner of the car involved in the collision, was insured by Keystone Automobile Club Casualty Company of Philadelphia, Pennsylvania, under a policy providing for a maximum liability of $10,000. At the instance of the Insurance Company which, presumably, is in control of the litigation under the term of the policy, a motion was filed in the Superior Court for a stay of execution on the judgment. Approval was sought for a supersedeas bond in the amount of $10,000, that being the maximum liability under the policy. The trial judge denied the motion and this court, upon review, affirmed the denial.

 Article IV, § 24 of the Constitution of this state, *Del. C. Ann.*, provides that no appeal or writ of error shall be a stay of proceeding in the court below unless the appellant "shall give sufficient security \* \* [to] pay the condemnation money and all costs". In *Ownbey v. Morgan's Ex'rs*, 7 *Boyce* 297, 105 *A.* 838, it was stated that in the case of an appeal from a money judgment the Constitution required the appellant to post a bond in the full amount of the judgment below in order to obtain a stay of proceedings below. "Condemnation money" was defined as the amount of the judgment below.

Rule 22(4) (b) of this court, *Del. C. Ann.* specifically requires that the amount of a supersedeas bond in cases involving a judgment for the recovery of money "shall be for the whole amount of the judgment". This rule was first promulgated in

1917, one month after the decision of the court in *Ownbey v. Morgan's Ex'rs.*

We think there is no doubt that under the Constitution of this state no supersedeas in an appeal from a money judgment may be had unless a bond in the full amount of the money judgment is offered as security for the payment of the condemnation money. We regard our constitutional provision of such rigidity as to preclude the exercise by this court of any discretion in the premises.